UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 16, 2005
Decided August 26, 2005

**Before**

Hon. Joel M. Flaum, *Chief Judge*

Hon. Michael S. Kanne, *Circuit Judge*

Hon. Ilana Diamond Rovner, *Circuit Judge*

No. 03-2998

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br>     *v.* <br><br> AISHAUNA WARD, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 01 CR 927 <br><br> David H. Coar, <br> *Judge*. |

**O R D E R**

Defendant-appellant Aishauna Ward pled guilty to conspiracy to rob the bank at which she worked (Count I); using force, violence or intimidation to rob a bank (Count II); and using, carrying or brandishing a firearm during and in relation to the commission of a crime of violence (Count III). The district court sentenced defendant to concurrent sentences of 100 months on Count I and 60 months on Count II, to run consecutively with a mandatory sentence of 84 months on Count III.

On March 4, 2005, we ordered a limited remand to the district court pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), to determine whether that court would have imposed the same sentence had it understood that the guidelines were advisory. After considering the briefs of both parties as well as the factors in 18 U.S.C. § 3553(a), the district court indicated that it would have imposed the same sentence under an advisory guidelines regime.

We first address defendant's challenge to the district court's calculation of the guidelines range. This issue is important because even though *United States v. Booker* made the guidelines advisory, it still requires judges to consider the sentencing range established by the guidelines in addition to the other relevant factors. *See* 125 S. Ct. 738, 764 (2005); *see also United States v. Baretz*, 411 F.3d 867, 877 (7th Cir. 2005) ("[W]e have said that obedience to the Supreme Court's mandate in *Booker* requires that the district court first calculate the correct guideline sentence so that that calculation can serve as a meaningful guide in the district court's imposition of a final sentence.").

Defendant argues that the district court improperly enhanced her sentence based on the relevant conduct of her co-conspirator. The district court applied a four-level enhancement under § 2B3.1(b)(4)(a), finding that the use of a gun by defendant's co-conspirator (her husband) to take her co-worker hostage during the robbery was "reasonably foreseeable" to defendant. The court reasoned that, even if there was no express agreement to abduct the co-worker, this action was foreseeable based on the specific circumstances of the robbery, including the use of a weapon. Ward asserts that this determination was erroneous because the record contains no evidence that she was aware that her husband would use a weapon. She further contends that the abduction was not reasonably foreseeable because, according to FBI statistics, less than two percent of reported bank robberies involve hostage-takings.

Defendant's arguments are without merit. This Court has held that a defendant may be held liable for a co-conspirator's use of a firearm and physical restraint committed during the course of a robbery where it is reasonably foreseeable that "a person might have to be physically restrained" in order to carry out the robbery. *See United States v. Dorsey*, 209 F.3d 965, 967-68 (7th Cir. 2000). The fact that the co-conspirators might not have agreed to a plan that specifically involved abduction does not preclude a finding of reasonable foreseeability. *See United States v. Cover*, 199 F.3d 1274, 1275 (11th Cir. 2000).

The execution of the robbery provided an ample basis for the district court's conclusion that defendant knew or should have known that the robbery could involve an abduction. First of all, defendant counted on another employee being present during the robbery because she knew that the vault required two different employee codes in order to be opened. Moreover, as soon as he entered the bank, defendant's husband immediately pointed his gun at the co-worker and used it to keep her from pressing any alarm buttons or calling the police while defendant retrieved the money from the vault. Once defendant handed her husband the money, he forced her co-worker out of the store at gunpoint and held her there until he was able to escape. Defendant, who stayed behind, made no effort to sound an alarm or alert police to the robbery. Based on this evidence, it was reasonable for the district court to conclude that Ward and her husband had coordinated the robbery ahead of time and knew that one of defendant's co-workers would be involved, and therefore that the abduction was reasonably

foreseeable to Ward.  We conclude that the district court properly applied the enhancement.  *Cf. United States v. Atwater*, 272 F.3d 511, 512 (7th Cir. 2001) (reversing application of enhancement where district court made no specific findings based on defendant's case and concluded that use of firearm in robbery was reasonably foreseeable solely because judge had "never heard of a bank robbery without a firearm").

Next, defendant argues that a further remand is necessary because the district court did not explain how its consideration of the relevant factors led to the conclusion that the court would have imposed the same sentence.  We disagree.  The sentence imposed was within the guidelines range, and the district court was not obligated to provide this Court with a detailed explanation of its consideration of each of the relevant factors.  *See United States v. Dean*, 414 F.3d 725, 729-30 (7th Cir. 2005) (judge's duty to consider the statutory factors is not a duty to make findings); *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005) ("Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.").

The sole remaining inquiry is whether defendant's sentence is reasonable.  *See Paladino*, 401 F.3d at 484 (if the district court indicates that it would reimpose the original sentence, we will affirm the sentence against a plain-error challenge provided that the sentence is reasonable).  Any sentence that is properly calculated under the guidelines is entitled to a rebuttable presumption of reasonableness.  *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  Defendant can rebut this presumption only by demonstrating that her sentence is unreasonable when measured against the factors set forth in § 3553(a).  *Id.*  She has not done so.  Although Ward points to the fact that she received a greater sentence than her husband, this disparity does not make her sentence unreasonable. While § 3553(a) instructs courts to consider the need to "avoid unwarranted sentencing disparities," in this case, the district court quite reasonably applied an additional enhancement to defendant because she abused a position of trust by using her job at the bank to commit the robbery.

Because the district court would have imposed the same sentence post-*Booker* and because that sentence is reasonable, we conclude that Ward's sentence was not the result of plain error.  Accordingly, we AFFIRM the judgment of the district court.